UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CAROLYN ALVERIO,

        Plaintiff,

v.                                                                                                          Case No. 08-CV-658

MICHAEL J. ASTRUE,

        Defendant.

_____

## ORDER

On August 1, 2008, Carolyn Alverio ("Alverio") filed a *pro se* complaint seeking judicial review of the denial of her claim for disability insurance benefits by Michael J. Astrue, the Commissioner of Social Security ("Commissioner"). On August 12, 2008, the court granted Alverio leave to proceed *in forma pauperis*. (Docket #4). On December 15, 2008, the court sent a letter to the parties outlining the briefing schedule and procedures which would govern this case. (Docket #6). The letter set the following deadlines: (1) March 18, 2009, for Alverio to file a brief in support of her claim; (2) April 17, 2009, for the Commissioner to file a brief in response; and (3) May 4, 2009, for Alverio to file a brief in reply to the Commissioner's response. Neither Alverio, nor the Commissioner have filed briefs in this matter.

Under Civil Local Rule 41.3, whenever it appears to the court that a plaintiff is not diligently prosecuting an action, the court may dismiss the case with or without prejudice. Here, it appears to the court that Alverio has effectively abandoned her claim. However, because dismissal is a drastic sanction for any litigant's lack of

diligence, and because Alverio is acting *pro se* in this matter, the court will grant Alverio leave to file a brief in support of her claim on or before **August 20, 2009**. If a timely brief in support is filed, the Commissioner shall have until **October 30, 2009,** to file his brief addressing Alverio's claim, as well as the administrative transcript and notice of filing. Alverio may then file a reply brief on or before **November 16, 2009**. If no brief in support is filed by Alverio on or before **August 20, 2009**, the court will dismiss this case with prejudice and without further notice. *See Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (requiring district court give clear warning to plaintiff before dismissing for failure to prosecute). The parties are reminded that any briefings to be file must conform with the requirements set forth in the court's December 15, 2008 letter. (Docket #6).

Accordingly,

**IT IS ORDERED** that plaintiff is granted leave to file a brief in support of her claim on or before **August 20, 2009**; if plaintiff fails to file a timely brief, the court will dismiss this case with prejudice for lack of diligence; if a timely brief is filed, the briefing schedule set forth in this order shall govern any further proceedings.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge