# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CAROLYN ALVERIO,

       Plaintiff,

    v.                                          Case No. 08-CV-0658

MICHAEL J. ASTRUE,
Commissioner for Social Security

       Defendant.

_____

## ORDER

On August 4, 2003, the *pro se* plaintiff, Carolyn Alverio ("Alverio"), filed an application for a period of disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act, alleging an injury beginning on June 15, 2002. After her initial application was denied, Alverio filed for a hearing before an Administrative Law Judge ("ALJ"). A hearing occurred on September 7, 2006, where Alverio, an impartial medical expert, and an impartial vocational expert all testified. On January 22, 2008, the ALJ concluded that Alverio was ineligible for DIB. Subsequently, the Appeals Council of the Social Security Administration denied review, rendering the ALJ's decision final. As a consequence, Alverio filed this action for judicial review of the Commissioner of Social Security's decision denying the plaintiff's application for DIB on August 1, 2008. (Docket #1). The court will affirm the decision of the ALJ.

## BACKGROUND

Initially, the court notes that Alverio has been anything but diligent in pursuing her complaint. On December 15, 2008, the court imposed the briefing schedule to be followed by each party in the case, setting March 18, 2009, as the date on which the plaintiff's brief was due to the court. (Docket #6). The plaintiff failed to file a brief in March of 2009 and did not contact the court to explain the reasons for her inability to follow the contours of the court's briefing schedule. Despite this, on July 29, 2009, the court allowed the plaintiff a time extension until August 20, 2009, in which to file a brief with the court. (Docket #9). On August 14, 2009, Alverio asked for another extension of time to submit her brief, which the court granted. (Docket #11). In late August, Alverio finally provided the court with a one page brief in support of her complaint. (Docket #11). The defendant filed an extensive response in support of the Social Security Commission's decision on October 15, 2009. (Docket #14). The court, to date, has not received a reply brief from the plaintiff and will resolve the case with the limited benefit of the two briefs that the parties have submitted.

The facts of this dispute are as follows. The plaintiff was born in 1968 and has past work experience as an office clerk, shipping and receiving clerk, factory worker, and a housekeeper. Moreover, Alverio has a somewhat extensive educational background: she graduated from high school in 1987 and attended two and a half years at the Milwaukee Area Technical College. In addition, Alverio completed a course in business computer programming from the Milwaukee Business Training

Institute. Alverio last worked in May of 2002, when she was employed as an office clerk in Chicago, Illinois. Her employment ceased when the company she was working for cut the plaintiff's hours. As a result, Alverio moved to Milwaukee, Wisconsin, and has not obtained gainful employment since her move.

Alverio complains that a series of injuries have prevented her from successfully seeking employment. First, the plaintiff contends that she suffers from chronic lower back pain and pain in her shoulders. Moreover, Alverio notes that she has pain in her knees and legs, stemming from arthritis and edema. The plaintiff also states that she has pain in her hands caused by carpal tunnel syndrome and arthritis, preventing her from doing repetitive motions with her hands. The plaintiff has had surgery on her left hand to alleviate her pain. Additionally, Alverio complains of chronic breathing problems due to asthma and a history of bronchial pneumonia. Moreover, the plaintiff suffers from adult-onset diabetes, which she contends has worsened because of stress. Finally, the plaintiff has stated that she suffers from depression, causing mood swings. While the record demonstrates that the plaintiff has sought treatment for her ailments, nothing in the record provides objective clinical findings to support Alverio's claims.

On September 7, 2006, an ALJ heard testimony from Alverio regarding her medical ailments. In her testimony, Alverio detailed her medical problems to the ALJ. The plaintiff acknowledged that she can sit for an hour and a half at a time and can stand for five to ten minutes at a time. Furthermore, the plaintiff noted that, while she has some problems with her hand strength, she can lift a gallon of milk

about five to six times per day with both hands. Alverio further noted that she regularly cleans her whole house with some assistance and shops for groceries.

Vijay B. Kulkarni, M.D., a board-certified orthopedic surgeon, after reviewing the record evidence and listening to the plaintiff's testimony, testified as a medical expert at the hearing. The medical expert testified that the plaintiff's claims that she suffered from lower back pain and tendinitis in her shoulders are not supported by the records he reviewed. Dr. Kulkarni noted that the scans of Alverio's lumbar spine and of her shoulders reported normal results. Additionally, the medical expert stated that the plaintiff's problems with pain in her knees and legs did not meet the requirements to be considered disabled per the Social Security regulations, noting that none of the documentation provided by the plaintiff helped support her claim of disability. Moreover, Dr. Kulkarni testified that while the plaintiff complained about pain resulting from carpal tunnel syndrome, none of the imaging studies done on her hands support Alverio's complaint. Ultimately, the medical expert concluded that Alverio's conditions "either singly or in combination" did not have "any kind of a restrictive impact on [the plaintiff's] ability to function in a work setting" because of a lack of objective evidence. (Tr. 713). The attorney representing the plaintiff in the administrative hearing asked only a few questions of the medical expert, none of which cast doubt on the medical expert's conclusions.

Finally, the ALJ heard from a vocational expert who, after asking the plaintiff several questions to clarify her past work history, testified that a hypothetical person with the plaintiff's vocational factors could perform Alverio's previous jobs, such as

-4-

clerical work, adequately. Ultimately, the vocational expert testified that assuming the medical expert's testimony to be valid, that jobs existed which the plaintiff could perform. With this, the hearing ended, and on January 22, 2007, the ALJ released an opinion concluding that Alverio was not "disabled," as defined by sections 216(I) and 223(d) of the Social Security Act. The court now reviews the ALJ's opinion.

## ANALYSIS

When reviewing a Social Security benefits determination, the court must uphold the Commissioner's decision if it is supported by substantial evidence and no error of law occurred. 42 U.S.C. § 405(g); *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 401, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971); *Sims v. Barnhart*, 309 F.3d 424, 428 (7th Cir. 2002). A reviewing court may not reevaluate facts, re-weigh the evidence, or substitute its own judgment for that of the agency. *Walker v. Bowen*, 834 F.2d 635, 643-44 (7th Cir. 1987). Moreover, "where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility" for the decision falls on the ALJ, not on the district court. *Edwards v. Sullivan*, 985 F.2d 334, 337 (7th Cir. 1993). The standard of review for an agency's evaluation of facts is a generous one, but not wholly uncritical; only where the agency's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, must the case be remanded. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). The reasons given by an ALJ must build an "accurate

and logical bridge" between the evidence and the result. *Id.* at 941. However, "conclusions of law are not entitled to deference"; if the ALJ commits an error of law, reversal is required without regard to the volume of evidence in support of the factual findings. *Binion v. Chater,* 108 F.3d 780, 782 (7th Cir. 1997).

To qualify for disability benefits under the Social Security Act, a claimant must be "disabled" – that is, unable to "engage in substantial gainful activity by reason of of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations, in turn, create a five-step, sequential test for determining whether a claimant is disabled. *See Briscoe v. Barnhart,* 425 F.3d 345, 351 (7th Cir. 2005). Under this test, the ALJ must address the following questions: 1) Is the claimant presently unemployed? 2) Is the claimant's impairment severe? 3) Do the impairments meet or exceed any of the specific impairments the Secretary acknowledges to be presumptively disabling? 4) Have the claimant's impairments limited his or her remaining or "residual functional capacity" ("RFC") so that he or she is no longer able to perform the demands and duties of a former occupation? 5) Is the claimant unable to perform any other work in the national economy given his or her age, education, and work experience? *Wolfe v. Shalala,* 997 F.2d 321, 322-23 (7th Cir. 1993). The claimant bears the burden of proof for steps one through four, with the burden shifting to the agency at the fifth step. *Young v. Barnhart,* 362 F.3d

995, 1000 (7th Cir. 2004). A negative conclusion by the ALJ at any step, excluding step three, precludes a finding of a disability per the Social Security Act.

In this case, the ALJ concluded that Alverio was not disabled. Under step one, the ALJ initially found that Alverio was not engaged in "substantial gainful activity" during the dates in question. Proceeding to question two, the ALJ concluded, after examining the record, that Alverio had two "severe" impairments: obesity and tendinitis of the left shoulder. The ALJ concluded that the plaintiff's carpal tunnel syndrome, asthma, and the pain in her knees and feet were not "severe," as there was a lack of objective evidence in the record to indicate that the claimant's ability to perform basic work related activities were limited by her conditions. In addition, the ALJ found that the plaintiff's type two diabetes did not constitute a "severe disability," as the condition could be controlled with diet and evidence was lacking that the condition limited Alverio's ability to perform basic job related activities. At the third step, the ALJ concluded that the plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Social Security Regulations as to be "so severe" as to preclude substantial gainful activity. At step four, the ALJ evaluated the plaintiff's RFC in order to determine whether Alverio has the capacity to perform the requirements of past relevant work. The ALJ concluded that the plaintiff had an RFC to "lift and carry 5 pounds frequently and 10 pounds occasionally, sit 6 hours of an 8 hour work day, and stand and walk 2 hours of a work day." (Tr. 21). The ALJ stated that the plaintiff was capable of performing sedentary work because there

Case 2:08-cv-00658-JPS   Filed 01/08/10   Page 7 of 10   Document 17

was a "lack of objective medical signs and laboratory findings" that showed that Alverio had impairments that would restrict her abilities. (Tr. 23-24). Moreover, the ALJ noted that the claimant's daily activities, including cleaning and grocery shopping demonstrated that the plaintiff was capable of performing sedentary work. Finally, the ALJ provided considerable weight to the testimony of the medical expert, who concluded that Alverio was not disabled. Relying on the testimony of the vocational expert, the ALJ found that a hypothetical person with the plaintiff's physical limitations could find gainful employment as an office clerk. The ALJ's evaluation of the step four question obviated the need to evaluate step five, necessitating the conclusion that the plaintiff was not entitled to DIB.

Alverio makes a single argument in her brief: she claims that the "ALJ looked at each disability separately and decided [the plaintiff] was not disabled under Social Security standards, instead of combining them as a whole." The court disagrees with Alverio's assertion. The record demonstrates that the ALJ, citing meticulously to the different medical records and to the testimony of the medical expert, contemplated all of Alverio's various medical ailments in combination with each other. Some of the impairments the ALJ initially dispensed with as not being "severe," as there was a lack of evidence within the record to demonstrate that Alverio's carpal tunnel syndrome, asthma, knee and back problems, and diabetes

-8-

were limiting Alverio's ability to work.[1]  Moreover, substantial evidence, such as the unrebutted testimony of the medical and vocational experts and the medical evaluations of two state agency physicians, supported the ALJ's conclusion that the plaintiff could perform a range of sedentary work. The ALJ's opinion relies heavily on the medical expert's testimony, and the record demonstrates that the medical expert evaluated Alverio's conditions as a whole, and not in isolation.  Moreover, the ALJ's ultimate determination downplaying the extent of Alverio's disabilities is supported by the lack of objective medical evidence supporting the plaintiff's claims. While a lack of objective medical evidence does not alone constitute substantial evidence, *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009), the lack of objective evidence combined with the ALJ's detailed discussion of "the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and functional limitations" provide an adequate basis for this court to affirm the decision of the ALJ.  *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). In sum, the ALJ's decision carefully evaluated the plaintiff's conditions and provided a reasoned opinion supported by substantial evidence in the record as to why the plaintiff was not disabled.  Given that Alverio provides no other objection to the decision of the ALJ, the court will affirm the ALJ's decision.

Accordingly,

---

[1] The plaintiff alleges that she suffers from depression.  However, the record evidence demonstrates that the plaintiff's allegations of a disability were due exclusively to physical impairments.  Having failed to raise this argument before the ALJ, the plaintiff cannot make the argument for the first time on appeal.  Having progressed to [an] advanced stage of the application process and litigation" without once making an argument regarding her depression, the claimant cannot now expect the ALJ to have predicted what injury the plaintiff would assert on appeal.  *See Knox v. Astrue*, 572 F. Supp. 2d 926, 935 (N.D. Ill. 2008).

-9-

Case 2:08-cv-00658-JPS   Filed 01/08/10   Page 9 of 10   Document 17

**IT IS ORDERED** that the ALJ's decision be and the same is hereby **AFFIRMED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge